UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IPOX Schuster LLC,

    Plaintiff,

v.

Pre IPO X, LLC

    Defendant.

CASE NO:

# COMPLAINT FOR TRADEMARK INFRINGEMENT, DEMAND FOR JURY TRIAL

Plaintiff, IPOX Schuster LLC, by its attorneys and for its complaint against Defendant Pre IPO X, LLC, alleges as follows:

## INTRODUCTION

1. This is a complaint for injunctive relief and damages arising from Defendant's improper and unlawful use of the mark PREIPOX, which is likely to cause confusion with Plaintiff's long-standing registered IPOX mark.

2. Defendant's conduct constitutes Trademark Infringement, Unfair Competition, and False Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description). Defendant's conduct also constitutes an unfair method of competition under Florida statutory and common law.

## PARTIES

3. Plaintiff IPOX Schuster LLC ("IPOX") is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 225 W. Washington, Suite 1675, Chicago, IL 60606.

4. Upon information and belief, Defendant, Pre IPO X LLC, is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Florida, having a principal place of business at 7901 4th St. N, Suite 300, St. Petersburg, FL 33702.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over IPOX's claims for trademark infringement and related claims because they arise under federal law. 28 U.S.C. §§ 1331, 1338. This Court has supplemental jurisdiction over IPOX's state law claims because they are so related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative facts. 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because Defendant is a Florida entity with its principal place of business in Florida, and it has purposefully availed itself of the benefits and protections of Florida law by doing business in Florida. Moreover, Defendant's contacts with Florida are continuous and systematic; IPOX's claims arise out of those contacts; and the exercise of personal jurisdiction over GTS would be reasonable.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (c) because Defendant resides in this district and a substantial part of the events giving rise to IPOX's claims occurred in this district.

### FACTUAL BACKGROUND
### IPOX and its Trademark

8. IPOX is an independent, research-driven financial services firm specializing in financial-products related to global initial public offerings ("IPOs") and spin-offs.

9. IPOX's principle product, for which it is well known, is the series of IPOX® Global Indexes, a set of benchmark indexes encompassing an index technology which allows for scalable, investable, and sustainable exposure into global IPO and spin-off performance.

10. IPOX's IPOX® Indexes are licensed to an ETF called "First Trust US Opportunities ETF," which was the first IPO-focused ETF. This fund is traded on the New York Stock Exchange under the symbol FPX.

11. Since its inception more than 15 years ago, IPOX has continuously used the IPOX® name and mark to identify its business, products, and services. As a result of this long usage, and its status as the first and foremost provider of a comprehensive series of IPO indexes for the global marketplace, the IPOX® name and mark is uniquely associated with IPOX, and is imbued with enormous, and invaluable, goodwill.

12. IPOX owns U.S. Trademark Registration No. 3,449,902 (attached hereto as **Exhibit A**), which is incontestable pursuant to 15 U.S.C. § 1065.

### Defendant's Improper Use of the PREIPOX Mark

13. On information and belief, on or around September 13, 2021, Defendant began using the mark PREIPOX (the "Infringing Mark") in connection with funds and investment products that aggregate shares in pre-IPO entities.

14. Defendant maintains a website at <www.preipox.com> (the "Infringing Website"), which incorporates the Infringing Mark in the domain name.

15. Defendant displays the Infringing Mark with the "X" highlighted in a similar style to IPOX's logo:



16. Defendant's funds and investment products are closely related to IPOX's Global Indexes and target the same consumers, namely, potential investors.

17. IPOX became aware of Defendant's unauthorized use of the Infringing Mark in January 2023.

18. On or about January 20, 2023, counsel for IPOX sent a letter to Defendant's principal providing notice of IPOX's rights in its IPOX® mark and requesting that Defendant confirm it would cease use of the Infringing Mark and take down the Infringing Website by February 6, 2023. Defendant did not respond.

19. Accordingly, Defendant is aware of IPOX's IPOX® name, mark, Global Indexes, business, and the good reputation of the IPOX® name and mark enjoys, particularly in the financial, IPO, and ETF communities.

20. On or about February 8, 2023, counsel for IPOX sent a second letter to Defendant's principal reiterating IPOX's concerns and request to cease and desist.

21. Counsel for IPOX and Defendant's principals subsequently engaged in discussions to resolve the dispute. However, after retaining counsel on or around March 7, 2023, Defendants became unresponsive to IPOX's efforts to communicate. IPOX has thus been forced to file this Complaint.

## COUNT ONE
## Trademark Infringement, 15 U.S.C. § 1114

22. IPOX incorporates paragraphs 1-21.

23. IPOX's IPOX® mark is valid, enforceable, and widely recognized in connection with financial and investment products and services and publications relating thereto.

24. IPOX's rights, as embodied in United States Trademark Registration No. 3,449,902 are valid, subsisting, and incontestable.

25. Defendant has used and continues to use, the Infringing Mark and the Infringing Website without IPOX's authorization in connection with funds and investment products that are closely related to IPOX's Global Indexes.

26. Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive consumers that IPOX licenses, sponsors, or approves of Defendant's

5

products and commercial activities and/or that IPOX is affiliated, connected, or associated with Defendant's products and commercial activities, in violation of section 32 of the Lanham Act (15 U.S.C. § 1114).

27. Defendant's conduct is intentional and willful with direct knowledge of IPOX's superior rights, making this an exceptional case justifying an award of treble damages, disgorgement of (and trebled) profits, and attorneys' fees.

28. Defendant's acts complained of herein have damaged IPOX and will continue to damage IPOX, causing injury to IPOX's reputation and goodwill. Such harm will continue and increase unless Defendant permanently enjoined from its unlawful conduct.

## COUNT TWO
### Trademark Infringement, False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(A)

29. IPOX incorporates paragraphs 1–28.

30. The IPOX® mark is distinctive and serves to identify and distinguish IPOX as the source of IPOX's financial and investment products and services and publications related thereto.

31. IPOX's rights in the IPOX® mark are valid, enforceable, and widely recognized in the financial and investment fields.

32. Defendant has used and, on information and belief, plans to continue to use, the Infringing Mark in connection with funds and investment products that are closely related to IPOX's Global Indexes.

33. Defendant's unauthorized registration and use of the Infringing Website and use the Infringing Mark is likely to cause confusion, mistake, and deception that IPOX licenses, sponsors, or approves of Defendant's products and commercial activities and/or that IPOX is affiliated, connected, or associated with Defendant's products and commercial activities, in violation of section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

34. Through commercial use of the Infringing Website and the Infringing Mark, Defendant has engaged in false designation of origin and false description and representation of its products and services in interstate commerce in an effort to willfully, maliciously, intentionally, and unfairly compete with IPOX, and such actions constitute unfair competition.

35. Defendant's conduct is intentional and willful with direct knowledge of IPOX's superior rights, making this an exceptional case justifying an award of treble damages, disgorgement of (and trebled) profits, and attorneys' fees.

36. Defendant's acts complained of herein have damaged IPOX and will continue to damage IPOX, causing injury to IPOX's reputation and goodwill. Such harm will continue and increase unless Defendant permanently enjoined from its unlawful conduct.

### COUNT THREE
**Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) § 501 et al., Florida Statutes**

37. IPOX incorporates paragraphs 1–36.

38. IPOX owns a valid federally registered IPOX® mark for financial and investment products and services and publications related thereto, and also has common-law rights in the IPOX mark.

39. Defendant's use of the Infringing Mark in connection with funds and investment products is likely to cause confusion, mistake, or deception that IPOX licenses, sponsors, or approves of Defendant's products and commercial activities and/or that IPOX is affiliated, connected, or associated with Defendant's products and commercial activities.

40. Defendant's use of the Infringing Mark and the Infringing Website therefore constitutes an unfair method of competition and an unfair or deceptive act or practice in the conduct of trade or commerce.

41. Defendant's actions are willful and deliberate and are intended to benefit Defendant at IPOX's expense.

42. Defendant is realizing profits and will continue to realize profits from its unlawful actions.

43. Defendant's unlawful actions have caused actual damages to IPOX in the form of injury to IPOX's reputation and goodwill.

## COUNT FOUR
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under Florida Common Law

44. IPOX incorporates paragraphs 1–43.

45. IPOX owns valid common-law rights in the IPOX mark built through more than 15 years of continuous use in Florida and all other US states, and members

of the public recognize the IPOX mark as indicated IPOX and its products and services.

46. Defendant began using the Infringing Mark long after IPOX began using the IPOX mark and built its common-law rights.

47. Defendant's use of the Infringing Mark in connection with funds and investment products is likely to cause confusion, mistake, or deception that IPOX licenses, sponsors, or approves of Defendant's products and commercial activities and/or that IPOX is affiliated, connected, or associated with Defendant's products and commercial activities.

48. Defendant's actions described above violate IPOX's common law rights and constitute trademark infringement, false designation of origin and unfair competition in violation of Florida common law.

49. Defendant has committed these acts of infringement, false designation of origin, and unfair competition willfully and maliciously in conscious disregard of IPOX's rights.

50. Defendant's acts complained of herein have damaged IPOX and will continue to damage IPOX, causing injury to IPOX's reputation and goodwill. Such harm will continue and increase unless IPOX is made whole, and Defendant is permanently enjoined from its unlawful conduct.

51. As a result of Defendant's conduct, IPOX has suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, IPOX requests that this Court enter an order:

1. Permanently enjoining Defendant from

    (a) using the Infringing Mark, or any colorable imitation thereof, in any way, including as or as part of a domain name; and

    (b) using any trademark that imitates or is confusingly similar to or in any way similar to the IPOX mark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of IPOX's products and services or their association with Defendant.

2. Requiring Defendant to file with the Court and serve on IPOX within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction.

3. Finding that

    (a) pursuant to 15 U.S.C. § 1117, Defendant is liable for all damages suffered by IPOX resulting from the acts alleged herein;

    (b) pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to IPOX for any and all profits derived by it from its unlawful acts complained of herein; and

    (c) pursuant to 15 U.S.C. § 1117, Defendant's acts alleged herein constitute a willful violation of IPOX's rights, and that this constitutes an exceptional case.

4. Awarding IPOX compensatory damages in an amount to be proven at trial.

5. Awarding IPOX all of Defendant's profits arising from Defendant's use of the Infringing Mark and the Infringing Website.

6. Requiring Defendant to transfer the <www.preipox.com> domain to IPOX.

7. Trebling damages and awarding IPOX its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

8. Granting IPOX any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law.

## DEMAND FOR JURY TRIAL

IPOX demands trial by jury of all issues in this matter of which trial by jury is permitted.

Dated this 15th day of May, 2023.

Respectfully submitted,

/s/   Daniel Alter
Daniel Alter, Esq.
Florida Bar No. 33510
dan.alter@gray-robinson.com
**GRAY ROBINSON, P.A.**
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida  33301
Tel:  (954) 761-8111
Fax:  (954) 761-8112

and

Tanvi Patel, Esq. (*Pending pro hac Vice*)
Andrew Fraker, Esq. (*Pending pro hac Vice*)
Kevin May, Esq. (*Pending pro hac Vice*)
**NEAL GERBER & EISENBERG LLP**

2 N. LaSalle, Ste. 1700
Chicago, IL 60602
(312) 269-8000

*Attorneys for Plaintiff IPOX Schuster LLC*

/17756/1#50385241 v1